# In the United States Court of Federal Claims

### No. 11-201C
### (Filed: November 3, 2015)[1]

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| | * | **Patent Infringement; Deposition** |
| **ROSS-HIME DESIGNS, INC.,** | * | **Fee of Expert Witness; Rule** |
| | * | **26(b)(4)(E)(i); Rule 30(e); Rule** |
| **Plaintiff,** | * | **37(a); Reasonable Expert Rate;** |
| | * | **Deposition Preparation Time;** |
| **v.** | * | **Review of Transcript and** |
| | * | **Preparation of Errata Sheet;** |
| **THE UNITED STATES,** | * | **Cost of Deposition Transcript;** |
| | * | **Attorney's Fees for Preparing** |
| **Defendant.** | * | **Motion to Compel.** |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

_Vytas M. Rimas_, Rimas Law Firm, PLLC, 18281 Minnetonka Blvd., Suite E, Minneapolis, MN 55391, for Plaintiff.

_Benjamin Mizer_, _John Fargo_, and _Conrad J. DeWitte, Jr._, U.S. Department of Justice, Civil Division, Commercial Litigation Branch, P.O. Box 480, Ben Franklin Station, Washington, D.C. 20044, for Defendant.  _Kurt G. Hammerle_, Office of the Chief Counsel, NASA Johnson Space Center, for Defendant.

---

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL EXPERT FEES IN PART

---

**WILLIAMS,** Judge.

This matter comes before the Court on Plaintiff's motion to compel payment of expert deposition fees and Defendant's cross-motion to disallow these fees in part.  At issue in this case is Defendant's alleged infringement of   U.S. Patent Nos. 5,967,580 (the "'580 Patent") and 6,658,962 (the "'962 Patent").

Plaintiff proffered Theodore F. Neils as a technical expert in "the operation of robotic manipulators in the embodiments of the asserted Patents in Suit," and Defendant deposed Mr.

---

[1]     The Court issued this opinion under seal on October 23, 2015, and directed the parties to file proposed redactions by October 30, 2015.  The parties have not requested any redactions.

Neils on April 17, 2015.  Neils Report ¶8; Neils Dep. 1.  Plaintiff requests that the Court order Defendant to pay Mr. Neils for deposition services in the amount of $13,683.60, and award Plaintiff its attorney's fees expended in connection with this motion to compel.  Defendant challenges Plaintiff's expert's fee as unreasonable and requests the Court to disallow fees of $11,001.10, reducing Plaintiff's expert's payment to $2,682.50.

For the reasons stated below, the Court orders Defendant to pay $5,610 for Plaintiff's expert's deposition fees, and does not award attorney's fees for Plaintiff's motion to compel.

## Background

Mr. Neils is a retired patent attorney and former practicing engineer.  He holds a Bachelor of Science degree in electrical engineering from the University of Minnesota.  Neils Report, Ex. 1.  After graduation, Mr. Neils worked as an electrical engineer at Honeywell, Inc. ("Honeywell") from 1963 to 1970, where he primarily focused on "general electrical and electromechanical components that could have been used in a mechanical manipulator." Id.; Pl.'s Mot. 4.  In 1970, Mr. Neils returned to the University of Minnesota to attend law school while he also assisted the patent group of Honeywell's legal department.  After receiving his juris doctor degree in 1972, Mr. Neils worked as an in-house attorney at Honeywell until 1986, when he practiced law as a partner at the firm Kinney & Lange until 2012.  In 2010, Mr. Neils retired from the practice of law.  Since 2012, Mr. Neils has provided consulting services.  By January 31, 2013, Mr. Neils had also stopped practicing before the United States Patent and Trademark Office.

Mr. Neils represented in his opening Expert Report and two amended reports that his hourly rate was $500.  Defendant deposed Mr. Neils on April 17, 2015.  Mr. Neils did not testify as a legal expert in his deposition in this case – his fee for his deposition covered his services as a technical expert.  Plaintiff sent Defendant an invoice for Mr. Neils' services testifying in deposition in the amount of $12,183.60, representing 23 hours at $500 per hour plus $683.60 for the deposition transcript.  Defendant responded that the invoice amount was unreasonable.  After the parties further discussed Mr. Neils' fees, Plaintiff submitted a revised invoice to Defendant on June 11, 2015, that increased the total dollar amount by $1,500 to account for his entire deposition time and travel time to attend the deposition.

In this second invoice, Plaintiff requested Defendant compensate Mr. Neils at a rate of $500 per hour for the following eight line items:

| | | | |
|---|---|---|---|
| 1. | M. Rosheim U.S. Patent 5,967,580 for "ROBOTIC MANIPULATOR" Review descriptions and claims, and file history thereof. 4/6/15. | 3.5 hours | $1750.00 |
| 2. | M. Rosheim U.S. Patent 6,658,962 for "ROBOTIC MANIPULATOR" Review descriptions and claims, and file history thereof.  4/7/15. | 2.5 hours | $1250.00 |
| 3. | Meeting with inventor and counsel for upcoming deposition.  Review descriptions and claims, and file histories of, U.S. Patents 5,967,580 and 6,658,962 and | 2.5 hours | $1250.00 |

2

|     |                                                                                                                                                                              | hours      | amount      |
| --- | ---------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ---------- | ----------- |
|     | my Amended Expert Report. 4/10/15.                                                                                                                                            |            |             |
| 4.  | Expert reports.  Review my Amended Expert Report and Defendant's Expert's Report. 4/14/15.                                                                                    | 1.5 hours  | $750.00     |
| 5.  | Meeting with inventor and counsel for upcoming deposition.  Review descriptions and claims, and file histories of, U.S. Patents 5,967,580 and 6,658,962, and my Amended Expert Report. 4/15/15. | 3.0 hours  | $1500.00    |
| 6.  | Deposition.  Participate in deposition proceeding. 4/17/15.                                                                                                                   | 11.0 hours | $5500.00    |
| 7.  | Deposition Record.  Deposition transcript charge. 4/22/15.                                                                                                                    |            | $683.60     |
| 8.  | Deposition Record Review.  Review transcript of deposition proceeding and prepare errata listing. 4/27/15.                                                                    | 2.0 hours  | $1000.00    |
|     | Total                                                                                                                                                                         | 26.0 hours | $13,683.60  |

Pl.'s Mot. Ex. 6.

### Discussion

Plaintiff asks the Court to compel Defendant to pay Mr. Neils' claimed $13,683.60 fee, and Defendant challenges Plaintiff's expert fees invoice in four respects.  First, Defendant challenges Mr. Neils' rate of $500 per hour as unreasonably high, arguing that an hourly rate of $145 better reflects the customary expert rate for an engineer with Mr. Neils' experience.  Second, Defendant argues that Mr. Neils cannot be compensated for his time preparing for deposition with Plaintiff and Plaintiff's counsel (line items 3 and 5).  Third, Defendant challenges any fees associated with Mr. Neils' review of his deposition transcript and preparation of his errata sheet, which was rejected by the Court as improper in scope (line item 8).  Fourth, Defendant asserts that it is not obligated to reimburse Mr. Neils for a copy of his deposition transcript (line item 7).  Defendant asserts that total payment in the amount of $2,682.50 representing 18.5 hours based on an adjusted hourly rate of $145 is appropriate.

A party that deposes another party's expert is required to pay the expert a reasonable fee for the expert's time spent in preparing and participating in the deposition.  Schmidt v. Solis, 272 F.R.D. 1, 2 (D.D.C. 2010).  Rule 26(b)(4)(E)(i) is identical to Rule 26 of the Federal Rules of Civil Procedure and provides:

> Unless manifest injustice would result, the court must require that the party seeking discovery: pay the expert a reasonable fee for time spent in responding to discovery under RCFC 26(b)(4)(A) [depositions of expert witnesses whose opinions may be presented at trial] . . . .

3

RCFC 26(b)(4)(E)(i).  The party seeking reimbursement bears the burden of showing that the fee sought is reasonable.  <u>Feliciano v. Cty. of Suffolk</u>, 246 F.R.D. 134, 137 (E.D.N.Y. 2007).  The Court has broad discretion to determine what constitutes a reasonable fee for expert services, including whether such fee may include preparation time.  <u>Lamere v. N.Y. State Office for the Aging</u>, 223 F.R.D. 85, 93 (N.D.N.Y. 2004).

## Mr. Neils' Rate of $500 Per Hour is Unreasonable

Plaintiff argues that Mr. Neils is entitled to a rate of $500 per hour based on the customary rate paid to a patent attorney consulting in an electrical engineering matter. Defendant counters that Mr. Neils can only be compensated in his capacity as a technical expert, not as an attorney.  Defendant submits that based on the hourly fees paid to comparable experts and the cost of living in Mr. Neils' geographic area – Minneapolis, Minnesota – Mr. Neils' appropriate hourly rate is $145.

Courts have considered variations of the following list of nonexclusive factors to determine whether an expert's hourly rate is reasonable under Rule 26:

1. The witness' area of expertise;
2. The education and training required to provide the expert insight which is sought;
3. The prevailing rates of other comparably respected available experts;
4. The nature, quality and complexity of the discovery response provided;
5. The cost of living in the particular geographic area;
6. The fee actually being charged to the party who retained the expert;
7. Fees traditionally charged by the expert on related matters; and
8. Any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

<u>See</u> <u>Se-Kure Controls, Inc. v. Vanguard Prods. Grp., Inc.</u>, 873 F.Supp.2d 939, 955 (N.D. Ill. 2012); <u>Jochims v. Isuzu Motors, Ltd.</u>, 141 F.R.D. 493, 496 (S.D. Iowa 1992); <u>Goldwater v. Postmaster Gen. of the United States</u>, 136 F.R.D. 337, 340 (D. Conn. 1991).

To determine the hourly rates of other comparably respected available experts, Plaintiff relied heavily on Mr. Neils' years of experience as a patent attorney and the $500 per hour fee typically charged by a Minneapolis patent attorney testifying as an expert according to rates published by the American Intellectual Property Law Association ("AIPLA") in 2012.  Plaintiff further compared Mr. Neils' rate to the hourly fees of Defendant's expert, Dr. J. Kenneth Salisbury, Jr., who was paid $350 per hour for his services in this matter – but had charged $520 per hour in other patent infringement actions.  Defendant challenges the comparison of Mr. Neils to Dr. Salisbury because Dr. Salisbury holds a master's degree and a doctorate degree in mechanical engineering, and has spent his entire career as a robotics engineer.[2]

---

[2]      Dr. Salisbury is currently a Research Professor at Stanford University's Department of Computer Science & Surgery in the Schools of Engineering and Medicine.  He holds a B.S. in Electrical Engineering and an M.S. and Ph.D. in Mechanical Engineering from Stanford University.  Dr. Salisbury has worked as a research and development engineer, and a technical

In this Court's view, Mr. Neils is entitled to reasonable expert fees based on his technical background as an electrical engineer, his experience in prosecuting technical patents, and the complex technical nature of his deposition testimony.  As Mr. Neils did not testify as a legal expert, he is not entitled to be compensated at the rate typically charged by a Minneapolis patent attorney.  See Goldwater, 136 F.R.D. at 340 (adjusting downward to $200 per hour the expert fee of a physician who also had a law degree stating that a medical doctor's possession of a law degree alone did not justify an hourly rate of $450).  At the time of his deposition, Mr. Neils was not a practicing patent attorney, and he had no license to practice law in a state or before the United States Patent Office.  Although Mr. Neils did prosecute several patents for Mr. Rosheim – including the patents-in-suit, his testimony and expertise focused on technical aspects of the robotic hand at issue.

Mr. Neils' opinion testimony was based on his experience as an engineer, as the following colloquy during his deposition indicates:

| | |
|---|---|
| QUESTION (MR. DEWITTE): | So is it your contention that by reading the patents and by having prosecuted the patents, you are an expert in the technology disclosed in the patents? |
| ANSWER (MR. NEILS): | My expertise in the technology isn't based on providing the patents, but in the subject matter that's in them, yes. |
| QUESTION: | So are you saying you're a technical expert or an expert in patent law? |
| ANSWER: | I am a technical expert for this proceeding based on the listings in the back where it gives a summary of the resume.  And I am an expert in the contents of these [patent] applications for the purposes of the suit. |

Neils Dep. 23.

Indeed, during Mr. Neils' deposition, Plaintiff's counsel objected to questions posed on patent law as being outside the scope of Mr. Neils' proffered expertise.  For example, when asked about whether a model of the claimed invention constituted a reduction to practice to determine the date of invention, Plaintiff's counsel interjected:

| | |
|---|---|
| MR. RIMAS: | I would also like to interpose an objection that counsel is going beyond the scope of a |

---

advisor for approximately 40 years at companies such as Hewlett-Packard, APD, SRI International, and for the NASA/Ames Research Center, and the Robotic Ventures Fund.  He also was the President and Founder of his own company, Salisbury Robotics, Inc.  Dr. Salisbury has an extensive consulting record, is a named inventor in 35 United States Patents and Patent Applications, and has co-authored five books on robotics and 34 papers on various electrical and mechanical engineering topics.  ECF No. 109, Ex. A.

|  | technical expert deposition. I've given him some latitude and would encourage him to focus his examination on the expert claim construction portion for which Mr. Neils has been presented for expert deposition testimony. |
|---|---|
| MR. DEWITTE | I will get back on track in just a second. |
| QUESTION (MR. DEWITTE): | Would you characterize the model provided for the '580 patent as an embodiment of a conception of the invention? |
| MR. RIMAS: | And I will just make my previous objection a standing objection to this line of questions. |

Neils Dep. 68-69.

Plaintiff cannot obtain expert fees for Mr. Neils in the amount that would be awarded to a patent attorney, after objecting to his testimony on patent law as outside the scope of his expertise. The applicable base compensation standard for Mr. Neils is that of an electrical engineer.

Defendant provided rates from a 2011 USA Consultants Fee Survey Report of the Institute of Electrical and Electronics Engineers ("IEEE") to arrive at its baseline figure of $125 – adjusted to $145 for inflation and locality – typical for a consultant from Minnesota holding a Bachelor of Science degree in electrical engineering. Def.'s Cross Mot. Ex. E at 20, 22. The Court accepts the IEEE survey as a relevant standard for determining an acceptable base rate. The IEEE survey reflects hourly rates of engineering consultants based on experience in the profession, highest degree held, and industry sector or "line of business." Id. The IEEE survey provides the lowest 10% and highest 10% industry rates for engineer consultants, along with the lower quartile, median, and upper quartile rates.

The IEEE numbers also give credit for degrees not in the relevant field, such as a consultant with an MBA. Although no dollar amount is listed for engineers holding a juris doctor degree, the Court credits this advanced degree and Mr. Neils' 40 years of legal expertise in prosecuting technical patents involving complex electronic and mechanical devices in determining the appropriate hourly rate. Given Mr. Neils' background and experience, the Court adopts the IEEE survey's upper quartile hourly rate of $175 for an engineer with less than 15 years plus an additional $35 per hour to account for Mr. Neils' years of experience prosecuting technical patents for a total of $210 per hour. After accounting for inflation from 2011 to early 2015, the hourly rate increases to $220. The Court thus finds $220 per hour to be a reasonable rate for Mr. Neils' deposition services.

Defendant argues that the fee should be adjusted downward because Mr. Neils lives in Minnesota where the cost of living is less than other localities. Def.'s Mot. at 9. The Court declines to reduce Mr. Neils' rate on this basis given that Mr. Neils testified in connection with a proceeding in a national court and Mr. Neils was a former patent prosecutor before the United States Patent and Trademark Office.

Plaintiff asks the Court to upwardly adjust Mr. Neils' rate based on Plaintiff's agreement to pay Mr. Neils $500 per hour. However, Mr. Neils only has an oral agreement to be compensated in any amount contingent on Plaintiff succeeding in this matter. Plaintiff has, however, already paid Mr. Neils $1400 for time spent for inspection of the accused device, the Robonaut 2, for a "half a day" of work according to Mr. Neils. Neils Dep. 17-18.[3] There is no hourly breakdown of this $1400 fee, and the Court cannot consider Mr. Neils' compensation for a half day of work to be indicative of his overall expert fees charged to Plaintiff. Plaintiff has not shown that a $500 hourly rate for Mr. Neils's deposition testimony would be reasonable.

Plaintiff further argues that the Court should upwardly adjust Mr. Neils' rate based on Dr. Salisbury's $350 hourly rate in the instant matter, and Dr. Salisbury's previous expert fees of $520 in other patent infringement actions, because that rate evidences Defendant's understanding of the applicable rate for an expert in robotics. This argument is misplaced. Defendant's choice in hiring an expert with vastly different credentials than Plaintiff's expert does not at all inform this Court on the proper rate of compensation for Plaintiff's expert. As such, Dr. Salisbury's rate has no bearing on Mr. Neils' expert fee.

In sum, the Court finds Mr. Neils' reasonable rate for his deposition expert services to be $220 per hour.

## Mr. Neils is Entitled to Compensation for Time Spent Preparing for his Deposition

Defendant argues that it is not obligated to pay Mr. Neils for the 5.5 hours he spent preparing for his deposition in meetings with the inventor and Plaintiff's counsel. Mr. Neils described his preparation during these meetings as "[m]eeting with inventor and counsel for upcoming deposition – Review descriptions and claims, and file histories of, U.S. Patents 5,967,580 and 6,658,962, and my Amended Expert Report. 4/15/15." Pl.'s Mot. Ex. 6. Defendant asserts that Mr. Rosheim's presence at the meetings necessarily means that the preparation time was for the claim construction hearing and not Defendant's deposition of Mr. Neils on claim construction. Defendant thus characterizes Mr. Neils' preparation time as a nonreimburseable fee related to the hearing on claim construction. Rhee v. Whitco Chem. Corp., 126 F.R.D. 45, 47-48 (N.D. Ill. 1989). This Court has no basis to speculate on what the preparation sessions entailed solely based on the presence of the Plaintiff inventor.

The preparation time reflected on the June 11, 2015 invoice totaled 5.5 hours on two days during which Mr. Neils reviewed descriptions, claims, and file histories of the patents-in-suit and his third amended expert report. See Pl.'s Cross Mot. Ex. 6. Mr. Neils expressly noted in his invoice that these activities were for deposition preparation. Id. These activities are routine, and expected in the ordinary course of preparing for an expert deposition in a patent infringement action. See Nordock Inc. v. Sys. Inc., 2013 Markman 694702, 2013 WL 694702, *1-2 (E.D. Wis. 2013); see also Schmidt, 272 F.R.D. at 2 ("Any lawyer worthy of his name is going to

---

[3]     Plaintiff argued that its payment of $3,000 for Mr. Neils' half day of work inspecting the Robonaut 2 during his deposition testimony was relevant to deriving his hourly compensation rate. Mr. Neils, however, corrected himself during the claim construction hearing and confirmed that he was compensated $1,400, not $3,000, for inspecting the Robonaut 2. Compare Neils Dep. 17 with Tr. 43-46 (May 27, 2015).

prepare the witness for the deposition by reviewing with the expert, and making sure the expert can articulate the conclusion and methodology of the report clearly and effectively.").

Mr. Neils' time spent in preparation reasonably relates to the amount of time an expert normally would require to prepare for cross examination, which in this case lasted from 9:00 a.m. to 7:00 p.m. excluding breaks.  See Collins v. Vill. of Woodridge, 197 F.R.D. 354, 357-58 (N.D. Ill. 1999) (listing cases finding fees for expert deposition preparation reasonable, and finding a ratio of 3:1 preparation to deposition time to be generally appropriate); Fee v. Great Bear Lodge of Wis. Dells, LLC, No. 03-3502, 2005 WL 1323162, *2-4 (D. Minn. Mar. 3, 2005) (finding unreasonable 46 hours of preparation for a 4.75 hour deposition).  Moreover, this infringement action involves highly technical matters, and preparation time is clearly appropriate.  Rhee, 126 F.R.D. at 47-48.  In sum, the Court finds Mr. Neils' 5.5 hours of deposition preparation to be reasonable.

## **The Court Reduces Plaintiff's Expert's Claimed Fee for Preparing his Errata Sheet**

Mr. Neils submitted a four-page errata sheet containing extensive revisions to his deposition testimony – not mere corrections of court reporting transcription errors.  A deponent's ability to submit an errata sheet is limited to reviewing the content for a court reporter's transcription and typographical errors under Rule 30(e)(1).  E.I. du Pont de Nemours and Co. v. Kolon Indus. Inc., 277 F.R.D. 286, 297 (E.D. Va. 2011).  It is not an opportunity to alter deposition testimony after the fact.  Id.  Rule 30(e)(1) provides:

> **Review; Statement of Changes.**  On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which (A) to review the transcript or recoding; and (B) if there are any changes in form or substance, to sign a statement listing the changes and the reasons for making them.

RCFC 30(e)(1).

While Mr. Neils was entitled to review the transcript for transcription errors, his extensive annotation of his deposition was inappropriate.  For example, Mr. Neils made material changes when discussing the direction of the rotation axis of a joint in relation to the rotation axis of sector plates controlled by ball bearings in the "wrist" of the robotic hand as described in figure 13 of the patent specification.  Specifically, Mr. Neils sought to explain the phrase "one along the sector plates, no" with the following:

> Although 144 is rotatable, it does not itself have a surface in, or a surface extending from a surface in, a rotatable joint.  The rotation axis of yolk 144 is instead set by shafts 142 and 143 fixedly press fitted into yolk 144 on either side thereof with the shaft other ends press fitted into the inner races of ball bearing assemblies 140 and 141.  These ball bearing assemblies are preloaded into accommodational openings 139 providing cavities in drive housing framing blocks 123 and 126 to thereby together form the rotatable connection arrangement for yolk 144. The rotation axis for yolk 144 along shafts 142 and 143 intersects the interior cavity surface provided in drive housing framing block 123 holding

therein bearing assembly 141 in providing the outer surface of one of the rotatable connections for yolk 144 embodied by bearing assembly 141 on shaft 143 in drive housing framing block 123.

Dep. Errata Sheet.  Further, Mr. Neils did not provide a statement explaining why this type of explanation was necessary as required by Rule 30(e)(1)(B).

Given Mr. Neils' extensive annotations to his testimony, his charge for two hours for preparing his errata sheet is excessive.  The Court ruled to that effect orally during a telephonic status conference on May 21, 2015, stating:

> I'm not accepting the errata sheet.  Anything other than what is strictly court reporter's error in transcription is not permitted.  That's my ruling.  You can have the witness elucidate on his deposition and explain it away during the hearing if you like, and so can [Defendant's counsel], but that errata sheet is not appropriate.

Tr. 23, 28 (May 21, 2015).

After the Court struck Mr. Neils' errata sheet, the deponent did not submit any revised version.  Nonetheless, preparing an errata sheet should be part and parcel of an expert's time spent responding to discovery under Rule 26(b)(4)(E)(i), and a reasonable fee related to reviewing the deposition for transcription errors is reimbursable.  Because the Court does not require Defendant to pay Plaintiff's expert for his revisions or explanations of his deposition testimony, the Court deducts 25% from the expert's claimed two hours for reviewing the deposition transcript.  Given that the deposition spanned 7 hours and 23 minutes resulting in a transcript containing 236 pages of complex technical testimony, the Court deems 1.5 hours for reviewing the transcript to be reasonable.

## Plaintiff is Not Entitled to Recover the Cost of his Deposition Transcript

Plaintiff argues that because its expert has the right to review his deposition transcript under Rule 30(e), Defendant must supply the expert with a transcript of his deposition at Defendant's cost.  Defendant counters that it is under no obligation to supply Mr. Neils with a transcript under Rule 26(b)(4)(E).  In this Court's view, the cost of obtaining a deposition transcript is not part of a fee to be reimbursed under Rule 26(b)(4)(E)(i) for "time spent responding to discovery," but rather is a cost of litigation.  RCFC 26(b)(4)(E)(i).  As commentators have noted, a "party taking a deposition does not have to provide free copies of transcripts to counsel for the opposing party."  See Dennis R. Suplee, Nicole Reimann, & H. Justin Park, The Deposition Handbook 254 (5th ed. 2011) (citing Rich v. Maue, Case No. 03-cv-152, 2008 U.S. Dist. LEXIS 73728 (S.D. Ill. Aug. 19, 2008) (finding that a defendant is under no legal obligation to provide an indigent plaintiff a copy of his deposition)).  As such, the Court denies Plaintiff's motion to compel reimbursement for the cost of its expert's deposition transcript.

## Plaintiff is Not Entitled to Attorney's Fees under Rule 37

In a footnote, Plaintiff seeks attorney's fees for time spent preparing its motion to compel under Rule 37(a) claiming it was forced to file the instant motion to obtain payment of reimbursable expert fees from Defendant.  Pl.'s Mot. 12, n.7.  Defendant counters that it was

substantially justified in not paying Mr. Neils' fees and thus cannot be subject to sanctions under Rule 37(a)(5)(A)(ii).  Def.'s Reply 6-7.  Rule 37(a)(5)(A)(ii) provides:

> **If the Motion is Granted (or Disclosure or Discovery Is Provided After Filing)**.  If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if . . . the opposing party's nondisclosure, response or objection was substantially justified . . . .

RCFC 37(a)(5)(A)(ii).

Rule 37(a)(5)(A) only applies if the Court grants a party's motion to compel in full. RCFC 37(a)(5)(A)(ii); <u>Confidential Informant 59-05071 v. United States</u>, 121 Fed. Cl. 36, 49 (2015) ("Rule 37(a)(5)(A) governs cases where a motion to compel is either granted in full or where the discovery sought in the motion is provided after the motion is filed."); <u>New Orleans Reg'l Physician Hosp. Org., Inc. v. United States</u>, 122 Fed. Cl. 807, 820 (2015).   This Rule is inapplicable where, as here, the motion to compel is granted in part.  <u>Confidential Informant 59-05071</u>, 121 Fed. Cl. at 49.  Therefore, the Court need not decide whether Defendant has met the statutory exception that its "nondisclosure, response, or objection was substantially justified" to overcome Rule 37(a)(5)(A)'s provision requiring that the Court grant the prevailing party's reasonable attorney's fees.  <u>Id.</u>; RCFC 37(a)(5)(A)(ii).

Rule 37(a)(5)(C) governs the award of attorney's fees following a motion to compel that is granted in part and denied in part.  This rule provides:

> **If the Motion Is Granted in Part and Denied in Part.**   If the motion is granted in part and denied in part, the court may issue any protective order authorized under RCFC 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

RCFC37(a)(5)(C).   Under this rule, the Court has broad discretion to determine which party should bear the reasonable expenses of preparing the instant motion.  <u>Confidential Informant 59-05071</u>, 121 Fed. Cl. at 49 ("[U]nder RCFC 37(a)(5)(C) . . . where a motion to compel is granted in part and denied in part, the award of expenses is discretionary.").   As discussed above, Defendant was warranted in challenging the reasonableness of Mr. Neils' hourly rate, his costs for a deposition transcript, and his time drafting a four-page errata sheet.  In a similar vein, Plaintiff reasonably requested payment for its expert's deposition services.  As both motions were justified, an award of attorney's fees under Rule 37(a)(5)(C) is not appropriate. <u>Confidential Informant 059-05071</u>, 121 Fed. Cl. at 51.

## Conclusion

Plaintiff's motion to compel expert deposition fees is **GRANTED IN PART**. Defendant's cross-motion to disallow fees invoice is **GRANTED IN PART**. Defendant shall reimburse Mr. Neils $5,610 for his deposition services. Plaintiff's request for attorney's fees under Rule 37(a) is **DENIED**.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**